UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL JAMES,

        Plaintiff,

v.                                                                 Case No. 24-cv-4091-KHV-TJJ

RESER'S FINE FOODS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order and Motion to Quash (ECF No. 34). Plaintiff requests a protective order under Fed. R. Civ. P. 26(c) prohibiting Defendant from issuing subpoenas seeking Plaintiff's employment records to third-party companies that employed Plaintiff after Defendant terminated his employment. Defendant opposes the motion. As explained below, the motion is granted in part and denied in part.

## I.      Background

Plaintiff filed a twelve-count complaint for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964;[1] 42 U.S.C. § 1981; the Americans with Disabilities Act, as amended;[2] and Kansas common law. Plaintiff alleges that Defendant terminated his employment because of his race, religion, and disability, after he reported racial and religion-based harassment, requested accommodation for his disability, exercised his worker's compensation rights, and/or expressed his opposition to Defendant's health code violations. Defendant contends

---

[1] 42 U.S.C. §§ 2000e et seq.

[2] 42 U.S.C. §§ 12101 et seq.

it terminated Plaintiff's employment because it received a report that Plaintiff threatened another employee with violence and Plaintiff's explanation during investigation of that complaint did not hold up. Defendant also asserts an after-acquired-evidence defense alleging Plaintiff lied about his criminal history during his application process when interviewing for employment with Defendant, which would have also been justification for termination of his employment.

On April 21, 2025, Defendant filed its Notice of Intent to Issue Subpoenas Duces Tecum (ECF No. 23) on seven companies Plaintiff identified he worked for after his employment with Defendant ended ("Subsequent Employers"). Each subpoena requests Plaintiff's employment records, including:

> [A]ny applications submitted, interview notes, documents completed by [Plaintiff] to begin his employment, performance reviews, disciplinary records, records related to any termination of [Plaintiff]; and pay statements."[3]

Plaintiff notified Defendant of his objections to the subpoenas the following day, and Defendant indicated that it would hold service of the subpoenas pending a meet-and-confer. On May 21, 2025, the Court held a pre-motion discovery conference pursuant to D. Kan. Rule 37.1(a) concerning this discovery dispute.[4]  This motion followed.

---

[3] Proposed Subpoenas (ECF Nos. 23-8 to 23-14). All of the subpoenas are to be issued from the District of Kansas and list addresses for companies located in Topeka, Kansas, but command production of the subpoenaed documents to defense counsel's office in Kansas City, *Missouri*. Under Rule 45(d)(3), on timely motion, the court for the district "where compliance is required" can quash or modify a subpoena. Because the place where the subpoenas require compliance is Missouri, this Court declines to address Plaintiff's motion to quash or modify the subpoenas under Rule 45 and limits its ruling to Plaintiff's motion for protective order under Rule 26(c). *See Signature Mktg., Inc. v. New Frontier Armory, LLC*, No. 15-7200-JWL, 2016 WL 11628258, at *1 (D. Kan. Feb. 2, 2016) ("Because the place of compliance for the subpoenas at issue (i.e., Kansas City, Missouri) is not in the District of Kansas, this court cannot quash or modify the subpoenas or otherwise provide the relief requested by plaintiff.").

[4] *See* Minute Entry and Order (ECF No. 30).

## II.    Legal Standard

Federal Rule of Civil Procedure 26(c)(1) permits a "party or any person from whom discovery is sought" may move for a protective order in the court where the action is pending. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[5] The movant must show good cause for the requested protective order.[6] To establish "good cause" within the meaning of Rule 26(c), the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[7] The court has broad discretion to decide when a protective order is warranted, and if warranted, the scope of protection required given the situation.[8] The Supreme Court has recognized "[t]he trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[9]

The Court is also required by Rule 26(b)(2)(C) "to limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed

---

[5] Fed. R. Civ. P. 26(c)(1)(D).

[6] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[7] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[8] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[9] *Seattle Times,* 467 U.S. at 36.

discovery is outside the scope permitted by Rule 26(b)(1)."[10] Under Rule 26(b)(1), the scope of discovery is limited to what is "relevant to any party's claim or defense and proportional to the needs of the case . . . ." At the discovery stage, relevance is broadly construed, and discovery should be generally allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action."[11]

When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[12] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[13] Relevancy determinations are generally made on a case-by-case basis.[14]

The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34.[15] Therefore, "the court must examine whether a request contained in a subpoena is

---

[10] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[11] *Doe v. USD No. 237*, No. 16-2801-JWL-TJJ, 2019 WL 1596578, at *3 (D. Kan. Apr. 15, 2019) (citations omitted).

[12] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[13] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[14] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[15] *Jaskiewicz v. RLM Underground, LLC*, No. 24-2588-HLT-GEB, 2025 WL 1809995, at *2 (D. Kan. June 30, 2025).

overly broad or seeks irrelevant information under the same standards as the rules governing discovery requests served on parties."[16]

### III.    Plaintiff's Objections to the Subpoenas

Plaintiff objects to the proposed subpoenas because he contends they seek overly broad categories of his subsequent employment records that are not relevant to the claims and defenses in this case. Plaintiff argues Defendant has not shown that the requested personnel records and files from his Subsequent Employers will shed further light on Plaintiff's credibility, on whether he misrepresented his criminal history to Defendant, or on any after-acquired evidence defense in this case. He claims Defendant's subpoena requests—which are partly based on its allegation Plaintiff lied in his employment interview with Defendant by failing to disclose a previous conviction—are premature and not a reasonable basis for the broad subpoena requests. Plaintiff argues his concerns are especially compelling with regard to his current employer, and he cites employment discrimination cases commenting that a subpoena issued to the plaintiff's current employer is by its nature is subject to abuse and may be used inappropriately to harass.[17] Plaintiff also states he has already provided his pay records to Defendant so there is no need to subpoena these documents.

Defendant argues the subpoenaed documents and information are relevant and important to its failure to mitigate defense, offset of Plaintiff's damages for any income received since his

---

[16] *Martin v. Grp. 1 Realty, Inc.*, No. 12-2214-EFM-DJW, 2013 WL 3322318, at *2 (D. Kan. July 1, 2013). *See also* Fed. R. Civ. P. 45(d)(1) advisory committee's notes to the 1970 amendment (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

[17] *See, e.g., Herrera v. Easygates, LLC*, No. 11-CV-2558-EFM-GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012).

employment ended, causation of Plaintiff's damages, Plaintiff's credibility, and possible admissions against interest. Defendant claims Plaintiff's employment was terminated because it received a report that Plaintiff threatened to kill another employee who reported him for possible intoxication at work and then his explanation during investigation of that complaint did not hold up. Defendant also alleges Plaintiff lied about his criminal history during his application process when interviewing for employment with Defendant.

As explained below, the Court finds Defendant's proposed subpoenas overly broad insofar as they request some employment records that are not relevant to the claims or defenses asserted in this case. The Court discusses the relevance of Plaintiff's employment records sought from his Subsequent Employers by grouping them into four categories.

### A.    Employment Applications, Interview Notes, and Other Pre-employment Documents Completed by Plaintiff

The relevance of the employment applications Plaintiff submitted, the employers' interview notes, and other documents Plaintiff completed prior to his employment with these Subsequent Employers is not readily apparent to the Court. Defendant argues applications often require an applicant to identify the reason(s) for separation from prior employment and therefore Plaintiff's responses on subsequent employers' applications could "reveal either admissions against interest if they acknowledge policy violations as the reason for leaving Defendant's employment or alternatively, go to Plaintiff's credibility if he is untruthful about the reasons his employment was separated."[18]

---

[18] Def.'s Resp. (ECF No. 46) at 4.

The Court finds Defendant has not demonstrated that these applications, interview notes and other pre-employment forms completed by Plaintiff would be relevant in this case. Plaintiff cites a similar case finding a subpoena requesting the plaintiff's full employment records from a subsequent employer were not relevant to either the defendant's after-acquired evidence argument or the plaintiff's credibility. In *Baker v. Mission Chateau, L.L.C.*, the court found the defendants had not supported their arguments that the plaintiff's employment application, documents regarding his statements about his reasons for leaving defendant's employment, criminal history, and background checks were relevant to defendants' after-acquired-evidence defense and to the plaintiff's credibility.[19] The court noted the after-acquired-evidence defense limits an employee's remedies:

> [I]f an employer learns of employee wrongdoing after it has fired that employee, and it can prove that the "wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of discharge."[20]

The court found the defendants had not articulated how what the plaintiff told his *subsequent* employer and what the subsequent employer did with that information could bear on the plaintiff's *pre*-termination conduct.[21]

Here, like the *Baker* case, Defendant has not shown how what Plaintiff told his *Subsequent* Employers on applications, during interviews, and on other pre-employment forms bears on his

---

[19] *Baker v. Mission Chateau, L.L.C.*, No. 21-2145-EFM-ADM, 2022 WL 873415, at *2 (D. Kan. Mar. 24, 2022).

[20] *Id.* (citing *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 554 (10th Cir. 1999) (quoting *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362–63 (1995)).

[21] *Baker*, 2022 WL 873415, at *2.

*pre*-termination conduct. Defendant has not shown how the requested documents are relevant to the after-acquired-evidence defense.

Nor has Defendant shown how the requested information is relevant to Plaintiff's credibility. The *Baker* court rejected similar arguments and declined to allow discovery regarding the plaintiff employee's subsequent job-application material based on "the possibility" it could reveal material wrongdoing by the employee years earlier, even where the plaintiff had admitted in his deposition he failed to disclose his criminal history on the defendant's application.[22] Even if these documents were to show Plaintiff had disciplinary problems or lied about his criminal history to other employers, that would not show he had those issues and did so to Defendant. The Court therefore sustains Plaintiff's relevance objections and grants his motion for a protective order prohibiting Defendant's proposed subpoena requests for employment applications, interview notes, and other pre-employment forms Plaintiff completed for Subsequent Employers.

**B.    Performance Reviews and Disciplinary Records**

The subpoenas also request Subsequent Employers' performance reviews and disciplinary records pertaining to Plaintiff. Again, Defendant has not demonstrated how performance reviews and disciplinary records from Plaintiff's *Subsequent* Employers would be relevant to the claims and defenses in this case. Again, like above, the timing of such reviews and records makes them not relevant to the reasons Defendant did or could have terminated Plaintiff's employment or to Plaintiff's credibility. Even if they revealed negative performance reviews or disciplinary problems with Subsequent Employers, that would not prove Plaintiff had those issues while previously employed by Defendant. The Court therefore sustains Plaintiff's relevance objections

---

[22] *Baker*, 2022 WL 873415, at *3.

and grants his motion for a protective order prohibiting Defendant's proposed subpoena requests for Plaintiff's performance reviews and disciplinary records from his Subsequent Employers.

### C.    Records Related to any Termination of Employment

The subpoenas also request records related to any termination of Plaintiff's employment. The Court here finds the subsequent employment records regarding Plaintiff's termination from his Subsequent Employers would be relevant to Defendant's defense that Plaintiff failed to mitigate his damages. They are relevant to the reasons why Plaintiff no longer works there, i.e., whether his employment was terminated or he resigned. When defending a plaintiff's claim for damages, the "defendant-employer bears the burden of showing that the plaintiff failed to mitigate" his damages.[23] In doing so, courts in this district have found a plaintiff's failure to search for alternative work, refusal to accept substantially equivalent employment, or voluntary quitting alternative employment without good cause can constitute affirmative defenses to backpay liability.[24] Therefore, any information tending to demonstrate Plaintiff's efforts to obtain or maintain similar employment appears relevant to whether Plaintiff mitigated his damages. The Court therefore overrules Plaintiff's relevance objections and denies his motion for a protective order for records related to any termination of Plaintiff's employment by Subsequent Employers. This ruling with respect to records related to any termination of Plaintiff's employment obviously does not apply to the subpoena to be issued to Plaintiff's *current* employer.

---

[23] *Parker v. Delmar Gardens of Lenexa, Inc.*, No. 16-2169-JWL-GEB, 2017 WL 1650757, at *6 (D. Kan. May 2, 2017) (quoting *Leidel v. Ameripride Servs., Inc.*, 276 F. Supp. 2d 1138, 1142 (D. Kan. 2003)).

[24] *Id*. (citing *Volkman v. United Transp. Union*, 826 F. Supp. 1253, 1258 (D. Kan. 1993)).

### D.    Pay Statements

The Court also finds Plaintiff's pay statements and records from his Subsequent Employers are relevant to Plaintiff's damages calculations and any offset to damages. Plaintiff appears to acknowledge his pay statements are relevant and claims he has already provided "substantial evidence" of his pay records from his Subsequent Employers. However, Defendant disputes Plaintiff has produced all his pay records and states the pay records Plaintiff produced thus far are "unauthenticated records from a vendor."[25] Defendant is entitled to seek the requested pay statements directly from Plaintiff's Subsequent Employers in order to independently verify the completeness and accuracy of the information on the records. The Court therefore overrules Plaintiff's relevance objections and denies his motion for a protective order for Plaintiff's pay statements from Subsequent Employers.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order and Motion to Quash (ECF No. 34) **is granted in part and denied in part**. Plaintiff's motion for a protective order is granted as to all the subpoena requests <u>except</u> records related to the termination of Plaintiff's employment by Subsequent Employers (except to his current employer) and his pay statements from Subsequent Employers. The motion is otherwise denied.

**IT IS SO ORDERED.**

Dated August 19, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[25] Def.'s Resp. (ECF No. 46) at 3 n.2.